# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**KEVIN FOLTA, PH.D.,**

    *Plaintiff*,

v.                                                  Case No. 1:17cv246-MW/GRJ

**THE NEW YORK TIMES COMPANY,
AND ERIC LIPTON**

    *Defendants.*
_____/

## ORDER ON MOTION TO DISMISS

This is a defamation case. Plaintiff is a professor and chairman of the horticultural sciences department at the University of Florida. In September 2015, Defendants published an article about food-industry executives' strategies to elevate academic voices, including Plaintiff's, in an effort to advance their interests in a so-called "food war" between proponents of genetically modified foods and the organic food industry. *See* ECF No. 19-1.

Plaintiff takes issue with Defendants' characterization of him in this article. He asserts Defendants falsely spun the facts to paint him as a "covertly paid operative" for Monsanto, a company that produces genetically modified products. ECF No. 19 at 2. After Defendants published the article, Plaintiff alleges he and his family received several threats—some of which were

1

credible. And among other harms, Plaintiff alleges that the publication prompted several event organizers—including universities and media organizations—to cancel prearranged speaking engagements with him. *Id.* at 21-22.

Plaintiff's amended complaint, ECF No. 19, includes two counts. Count I alleges separate theories of defamation and false light based on the same facts, and Count II alleges a claim for intentional infliction of emotional distress. Defendants have moved to dismiss the amended complaint. ECF No. 28. This Court has considered, without hearing, Defendants' motion and has reviewed the article attached to the amended complaint and the embedded source e-mails central to Plaintiff's claims. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."). For the reasons stated below, Defendants' motion, ECF No. 28, is **GRANTED** in part and **DENIED** in part.

Defendants assert this Court should dismiss Plaintiff's amended complaint because (1) it fails to state a plausible defamation claim, (2) Florida

law does not recognize the tort of false light, and (3) the emotional-distress claim is an improper duplication of the defamation claim. To start, this Court recognizes that the odds that Plaintiff's false light theory survives summary judgment are not good. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008) (declining to recognize false light as a viable cause of action in Florida). But district courts are not in the practice of tossing separate theories underlying the same claim at the motion-to-dismiss stage. *See Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 197 F. Supp. 3d 1334, 1339-41 (N.D. Fla. 2016). And Count I is not due to be dismissed in its entirety—though this Court has reservations about allowing Plaintiff's defamation claim to proceed.

Plaintiff claims defamation *per se* and defamation by implication. He points to several statements in the article that he alleges are either patently false and defamatory on their face, or implicitly defamatory by creating the inference that Plaintiff was acting as a puppet for Monsanto. But a thorough reading of the entire article leads this Court to conclude that no reasonable juror could find a number of these statements to be defamatory. *See Jews for Jesus*, 997 So. 2d at 1109, 1115 (defining a defamatory statement as one that "injures the plaintiff's reputation" among "a 'substantial and respectable' minority of the community.").

To be sure, an article's "spin," grounded in the author's opinion of the facts, is not actionable. *See From v. Tallahassee Democrat, Inc.*, 400 So.2d 52,

3

56-57 (Fla. 1st DCA 1981). However, this Court cannot find as a matter of law that *all* of the statements and their alleged implications are not defamatory. A few of the article's statements give this Court pause. For example, the article states that Plaintiff conceded that some could view him as "a tool of the industry." ECF No. 19-1 at 2. But Plaintiff contests this assertion, claiming that Defendants twisted the reporter's alleged accusation that Plaintiff was a tool of the industry during his interview and falsely reported that Plaintiff volunteered the concession. *See* ECF No. 19 at 15. Such an admission, reportedly from the mouth of a researcher in academia, could very well injure that researcher's reputation among his peers. As would the statement that Plaintiff "defended" or "promoted" Monsanto's products. Viewing the facts in the light most favorable to Plaintiff, this Court is unable to determine as a matter of law whether these statements are defamatory. This Court will not narrow the claim any further at this stage.

In addition, this Court cannot determine on this record whether the fair reporting privilege bars Plaintiff's defamation claim. *See Alan v. Palm Beach Newspapers, Inc.*, 973 So. 2d 1177, 1180 (Fla. 4th DCA 2008) ("A newspaper has a qualified privilege to report accurately on information received from government officials. The privilege extends to the publication of the contents of official documents, as long as the account is reasonably accurate and fair.") (citation and quotation marks omitted). At this early stage, this Court is unable

4

to find as a matter of law that the source e-mails summarized in the article qualify as public records. Moreover, the existence of an affirmative defense like the fair reporting privilege generally does not support a motion to dismiss. *See Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd en banc*, 764 F.2d 1400 (11th Cir. 1985). Accordingly, Defendants' motion is **DENIED** as to Count I.

Count II, on the other hand, is properly dismissed for multiple reasons. Count II sets out a claim for intentional infliction of emotional distress and incorporates by reference all preceding paragraphs, including Count I's defamation allegations. First of all, construing the facts as pled in the light most favorable to Plaintiff, this Court finds as a matter of law that the alleged facts are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)). Moreover, "a plaintiff cannot transform a defamation action into a claim for intentional infliction of emotional distress simply by characterizing the alleged defamatory statements as 'outrageous.'" *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992) (citing *Boyles v. Mid-Florida Television Corp.*, 431 So. 2d 627, 636 (Fla. 5th DCA 1983)); *see also Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA

2002) ("In Florida, a single publication gives rise to a single cause of action."). Plaintiff has failed to state a plausible claim for relief and is further preclude from recasting his defamation claim as a claim for intentional infliction of emotional distress. Defendants' motion is **GRANTED** as to Count II.

Accordingly,

**IT IS ORDERED:**

1. Defendants' motion, ECF No. 28, is **GRANTED** in part and **DENIED** in part.

2. The motion, ECF No. 28, is **GRANTED** as to Count II. Count II is dismissed with prejudice.

3. The motion, ECF No. 28, is otherwise **DENIED**.

   **SO ORDERED on November 16, 2017.**

   <u>s/Mark E. Walker</u>
   **United States District Judge**